## IN THE CIRCUIT COURT OF NEW MADRID COUNTY, MISSOURI

ALEXANDER LARSEN and )
CAREN CURRIER, )
Plaintiffs, )
)
v. ) Case No.: 26NM-CV00334
)
HOMESITE INSURANCE COMPANY )
OF THE MIDWEST and )
K2 CLAIMS SERVICES, LLC, )
Defendants. )

## PETITION FOR DAMAGES

COMES NOW Plaintiffs Alexander Larsen and Caren Currier, pro se, and for their Petition against Defendants Homesite Insurance Company of the Midwest and K2 Claims Services, LLC, state as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Alexander Larsen is an individual formerly residing at 208 S. Scott St., Morehouse, Missouri 63868, in New Madrid County, and currently residing at 901 Ranney Ave., Cape Girardeau, Missouri 63703, due to the Property becoming uninhabitable. Plaintiff Larsen is disabled, a fact known to Defendants.

2. Plaintiff Caren Currier is an individual residing at 2313 Hollyhill Lane, Denton, Texas 76205. Plaintiffs Larsen and Currier are co-owners of the property at issue, as reflected on the deed.

3. Defendant Homesite Insurance Company of the Midwest ("Homesite") is an insurance company authorized to do business in the State of Missouri, with its principal place of business at One Federal Street, 4th Floor, Boston, Massachusetts 02110. Defendant Homesite may be served through its registered agent, CT Corporation System, 120 South Central Ave., Clayton, Missouri 63105, or as otherwise provided by law.

4. Defendant K2 Claims Services, LLC ("K2") is a limited liability company serving as a third-party claims administrator, with its principal place of business at PO Box 3153, Harrisburg, Pennsylvania 17110. Defendant K2 conducts business in Missouri as a claims administrator for insurers like Homesite and may be served at its principal place of business or as otherwise provided by law.

5. This Court has subject matter jurisdiction over this action pursuant to Mo. Rev. Stat. § 478.070, as the amount in controversy exceeds $25,000, exclusive of interest and costs.



DEFENDANT'S
EXHIBIT

**A**

FILED

MAY - 1 2026

SHANNON HARRIS LANDERS
NEW MADRID COUNTY CIRCUIT CLERK

6. Venue is proper in this Court pursuant to Mo. Rev. Stat. § 508.010, as the cause of action accrued in New Madrid County, where the insured property is located and where substantial events giving rise to the claims occurred.

## FACTUAL ALLEGATIONS

7. In or around late 2023, Plaintiff Larsen relocated to the property at 208 S. Scott St., Morehouse, Missouri 63868 (the "Property"), to pursue educational opportunities at Southeast Missouri State University. Plaintiffs Larsen and Currier are co-owners of the Property.

8. Prior to binding an insurance policy, the Property required repairs to pass local city inspection ordinances. Plaintiffs hired contractors to address all identified issues, and the Property successfully passed inspection.

9. Upon passing inspection, Defendant Homesite bound a homeowner's insurance policy (Policy No. 0117660946) for the Property, effective upon binding, covering the main dwelling and outbuildings against perils including wind, water, and storm damage, and additional living expenses (ALE) for uninhabitability caused by covered losses (see Exhibit 1, Insurance Policy).

10. Defendant Homesite represented to Plaintiffs that the Property was fully insured as a "regular house" based on a review of Google Maps imagery, without conducting an on-site inspection prior to binding coverage. Plaintiffs relied on this representation in purchasing the policy and paying premiums.

11. On or about January 15, 2024, severe storms caused wind and water damage to the Property, including water intrusion under shingles, siding, and decking. Plaintiffs filed a claim (Claim No. 1057787) for these damages, not including any hail damage (see Exhibit 2, Claim No. 1057787 Filing Documents).

12. Defendant Homesite, through its third-party administrator Defendant K2, assigned inspector Grant Punches, who inspected the Property and noted visible hail damage (despite no hail in the storm or claim for it) and damages to outbuildings.

13. Defendants denied the January claim in its entirety, citing the absence of hail and pre-existing damages to outbuildings, even though Plaintiffs did not claim hail damage and the outbuildings were insured in their condition at policy inception (see Exhibit 3, Denial Letter for Claim No. 1057787, dated July 3, 2024).

14. Plaintiffs mitigated damages by hiring contractors for repairs, some of which were ongoing.

15. On or about May 2024, a tornado struck the area, including Morehouse, causing further damage to the Property's roof, siding, gutters, screens, HVAC unit, and interior. Plaintiffs filed a new claim (Claim No. 1064391).

FILED

MAY - 1 2026

SHANNON HARRIS LANDERS
NEW MADRID COUNTY CIRCUIT CLERK

16. Defendant Homesite, through Defendant K2, assigned inspector Stephen Denton, who inspected on June 12, 2024. Defendants partially approved the claim for $1,400 (main house) and $200.78 (outbuildings), less a $1,000 deductible, totaling a net payment of approximately $400.81. Defendants denied the remainder, citing pre-existing wear/tear, deterioration, and no storm-created openings, despite evidence of tornado damage.

17. Plaintiffs did not cash the check, believing it reflected bad faith. Independent estimates showed damages exceeding $30,000 initially, escalating to over $120,000 due to delays in Defendants' handling, which allowed further deterioration (see Exhibit 4, Independent Damage Estimates).

18. The county was approved for FEMA assistance due to the tornado. FEMA provided grants totaling over $15,000 for repairs, including HVAC replacement, far exceeding Defendants' payout and processing faster (see Exhibit 5, FEMA Grant Documentation).

19. Plaintiffs filed a complaint with the Missouri Department of Insurance, but no resolution occurred.

20. To mitigate further damage, Plaintiffs hired contractors to tarp the roof using FEMA funds.

21. On or about September 29, 2024, remnants of Hurricane Helene caused additional wind and water damage, including pooling water under the tarp leading to interior leaks, wall damage, and an electrical fire in the master bathroom.

22. Plaintiffs filed another claim for Hurricane Helene damages. Defendants again assigned Stephen Denton through K2, who demanded tarp removal for re-inspection despite Plaintiff Larsen's disabilities and contractor unavailability. Defendant K2 engaged in a harassment campaign with demands, canceling inspections, and delaying resolution.

23. Defendants partially denied the Hurricane claim, assessing damages below the deductible, citing similar exclusions for wear/tear and pre-existing issues.

24. Due to Defendants' delays and inadequate claim payments, the Property became uninhabitable by November 2024, forcing Plaintiff Larsen to relocate to 901 Ranney Ave., Cape Girardeau, Missouri, incurring $875 per month in rent as additional living expenses, totaling approximately $8,750 from November 2024 to August 2025, with ongoing costs (see Exhibit 6, Lease Agreement for 901 Ranney Ave.).

25. Defendant Homesite notified Plaintiffs that it would not renew policies in Missouri, terminating coverage at expiration, while the Hurricane claim remained unresolved beyond the 10-business-day response period.

26. Defendants' representative, Melissa Coots (through Homesite and K2 communications), refused further communication, citing a purported lawsuit, though none had been filed at that time.

FILED

MAY - 1 2026

SHANNON HARRIS LANDERS
NEW MADRID COUNTY CIRCUIT CLERK

27. Total damages from the three events exceed $158,750, including structural repairs, interior damage, HVAC replacement, lost personal property, and additional living expenses ($8,750 and ongoing). Defendants have paid less than $5,000 total.

28. Defendants' delays, partial denials, and misrepresentations caused foreseeable additional damage, financial hardship, prevented Plaintiff Larsen from completing education, and exacerbated his disabilities.

## COUNT I: BREACH OF CONTRACT (Against Defendant Homesite)

29. Plaintiffs incorporate by reference paragraphs 1-28 as if fully set forth herein.

30. The insurance policy constitutes a valid and enforceable contract between Plaintiffs and Defendant Homesite, including coverage for additional living expenses when the Property is uninhabitable due to covered losses (see Exhibit 1).

31. Plaintiffs performed all obligations under the policy, including paying premiums and mitigating damages.

32. Defendant Homesite breached the contract by failing to fully investigate, adjust, and pay for covered losses from the January storm, May tornado, and Hurricane Helene, including additional living expenses, without reasonable basis.

33. As a direct result, Plaintiffs suffered damages exceeding $158,750, plus interest.

## COUNT II: VEXATIOUS REFUSAL TO PAY (BAD FAITH) (Against Defendant Homesite)

34. Plaintiffs incorporate by reference paragraphs 1-33 as if fully set forth herein.

35. Pursuant to Mo. Rev. Stat. § 375.420, Defendant Homesite vexatiously refused to pay covered claims, including additional living expenses, without reasonable cause or excuse, by denying claims on spurious grounds (e.g., non-existent hail claims), citing pre-existing damages known at policy inception, delaying inspections, harassing Plaintiffs (aware of Plaintiff Larsen's disability), and underpaying despite clear evidence of covered perils.

36. Defendant Homesite's conduct warrants statutory penalties, including up to 20% of the first $1,500 of loss, 10% thereafter, plus reasonable costs for pro se litigation.

## COUNT III: FRAUD (Against Both Defendants)

37. Plaintiffs incorporate by reference paragraphs 1-36 as if fully set forth herein.

38. Defendants falsely represented that the Property was fully insurable as a "regular house" based on Google Maps, without on-site inspection, knowing or recklessly disregarding

FILED

MAY - 1 2026

SHANNON HARRIS LANDERS
NEW MADRID COUNTY CIRCUIT CLERK

potential issues. Defendant K2 further misrepresented inspection findings and claim statuses.

39. These representations were material, false, and made with intent to induce Plaintiffs to purchase and maintain the policy.

40. Plaintiffs were ignorant of the falsity, had a right to rely, did rely, and suffered injury as a result, including unpaid claims, premiums paid for illusory coverage, and additional living expenses.

## COUNT IV: FRAUD IN THE INDUCEMENT (Against Both Defendants)

41. Plaintiffs incorporate by reference paragraphs 1-40 as if fully set forth herein.

42. Defendants fraudulently induced Plaintiffs to enter the policy by misrepresenting the scope of coverage and inspection process, knowing the Property's condition would later be used to deny claims.

43. Elements as alleged in Count III apply, relating to past/existing facts about insurability.

## COUNT V: UNJUST ENRICHMENT (Against Both Defendants)

44. Plaintiffs incorporate by reference paragraphs 1-43 as if fully set forth herein.

45. Plaintiffs conferred a benefit on Defendants by paying premiums for coverage.

46. Defendants appreciated and retained this benefit while providing minimal or no coverage, making retention inequitable under the circumstances of bad faith denials and resulting uninhabitability.

47. Plaintiffs seek restitution of premiums and other equitable relief

## COUNT VI: NEGLIGENCE (Against Both Defendants)

48. Plaintiffs incorporate by reference paragraphs 1-47 as if fully set forth herein.

49. Defendants owed Plaintiffs a duty to handle claims reasonably, promptly, and in good faith, including accommodating Plaintiff Larsen's known disability.

50. Defendants breached this duty through negligent investigations (e.g., by K2 inspectors Punches and Denton), delays, harassment, and misapplications of policy exclusions, causing foreseeable additional damages, including the Property's uninhabitability and additional living expenses.

FILED

MAY - 1 2026

SHANNON HARRIS LANDERS
NEW MADRID COUNTY CIRCUIT CLERK

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

a. Compensatory damages in excess of $158,750, including additional living expenses;

b. Statutory penalties and costs under Mo. Rev. Stat. § 375.420;

c. Punitive damages for willful, wanton conduct;

d. Pre- and post-judgment interest;

e. Costs of suit; and

f. Such other relief as the Court deems just.

Respectfully submitted,

/s/ Alexander Larsen
Alexander Larsen, Pro Se
901 Ranney Ave.
Cape Girardeau, MO 63703
Phone: 580-699-9673
Email: a.standing@gmail.com

/s/ Caren Currier
Caren Currier, Pro Se
2313 Hollyhill Lane
Denton, TX 76205
Phone: 626-429-2780
Email: carenlarsen@hotmail.com

FILED

MAY - 1 2026

SHANNON HARRIS LANDERS
NEW MADRID COUNTY CIRCUIT CLERK

## Verification

STATE OF TEXAS )
) ss.
COUNTY OF DENTON )

I, Caren Currier, being duly sworn, state under penalty of perjury that I am a plaintiff in the above-entitled action, that I have read the foregoing Petition for Damages, and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.



Caren Currier
Date: 8/20/63

Subscribed and sworn to before me on this 20th day of August, 2025.

Notary Public
My Commission Expires: 10/31/28

[Notary Seal]

MARGO JENISE TANTON
Notary ID #125196143
My Commission Expires
October 31, 2028

FILED

MAY - 1 2026

SHANNON HARRIS LANDERS
NEW MADRID COUNTY CIRCUIT CLERK

**Verification**

STATE OF MISSOURI )
) ss.
COUNTY OF CAPE GIRARDEAU )

I, Alexander Larsen, being duly sworn, state under penalty of perjury that I am a plaintiff in the above-entitled action, that I have read the foregoing Petition for Damages, and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

Alexander Larsen

Date:

Subscribed and sworn to before me on this 14 day of August, 2025.

Notary Public
My Commission Expires: _____ 10-24-2028

[Notary Seal]

BRANDON EDWARD LEFFLER
Notary Public, Notary Seal
State of Missouri
Cape Girardeau County
Commission # 20540424
My Commission Expires 10-24-2028



FILED

MAR 3 2026

SHANNON HARRIS LANDERS
NEW MADRID COUNTY CIRCUIT CLERK


Scanned with
CamScanner